**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7216**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMOTHY L. MASSEY,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:03-cr-00029-MOC-1)

Submitted:  June 9, 2021                           Decided:  July 6, 2021

Before GREGORY, Chief Judge, NIEMEYER, and WYNN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Timothy L. Massey, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy L. Massey filed a motion in the district court seeking compassionate release because Massey's mother's health issues prevented her from continuing in her role as caregiver for Massey's teenage son. The district court denied the motion and Massey appealed. For the reasons that follow, we vacate the district court's order and remand for further proceedings.

A district court may reduce a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, § 603(b)(1), 132 Stat. 5194, 5239 ("First Step Act"), if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). We review a district court's ruling on a motion for compassionate release for abuse of discretion. *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir. 2021). A district court abuses its discretion when it "act[s] arbitrarily or irrationally," "fail[s] to consider judicially recognized factors constraining its exercise of discretion, "relie[s] on erroneous factual or legal premises," or "commit[s] an error of law." *United States v. High*, 997 F.3d 181, 187 (4th Cir. 2021) (internal quotation marks omitted).

A district court's decision concerning whether to reduce a defendant's sentence under § 3582(c)(1)(A)(i) generally entails three considerations. *See High*, 997 F.3d at 185-86; *Kibble*, 992 F.3d at 329-32. First, the court determines whether "'extraordinary and compelling reasons'" support a sentence reduction. *High*, 997 F.3d at 185 (quoting § 3582(c)(1)(A)(i)). Second, the court considers whether granting a sentence reduction is "'consistent with applicable policy statements issued by the [United States] Sentencing

Commission.'"* *Id.* at 185-86 (quoting § 3582(c)(1)(A)).  Third, in deciding whether to exercise its discretion to grant a sentence reduction, the court considers any applicable 18 U.S.C. § 3553(a) sentencing factors.  *Id.* at 186.

The district court did not have the benefit of our decisions in *Kibble* and *High* when it denied Massey's motion in 2019.  The district court did not address whether Massey had stated any extraordinary and compelling reasons for compassionate release, nor did the court consider the § 3553(a) factors, address Massey's arguments—except to express sympathy for his situation—or explain why the facts Massey presented did not justify a sentence reduction.  Accordingly, we are unable to meaningfully review the district court's order.

We therefore vacate the district court's order and remand for further proceedings. We express no view on the merits of Massey's motion.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

\* Although U.S. Sentencing Guidelines Manual § 1B1.13, p.s., applies to compassionate release motions filed by the BOP, it "'remains helpful guidance even when motions are filed by defendants.'"  *High*, 2021 WL 1823289, at *3 (quoting *United States v. McCoy*, 981 F.3d 271, 282 n.7 (4th Cir. 2020)).